IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMIE SHAWN MCCALL,
ADC #610019                                                                                         PLAINTIFF

v.                                         4:14CV00238-SWW-JTK

NURSE WINTER, et al.                                                                      DEFENDANTS

**ORDER**

Plaintiff Jamie McCall, a state inmate proceeding pro se, has been granted leave to proceed in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.   Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, the complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**II.    Analysis**

Plaintiff's Complaint contains numerous allegations against twelve Defendants, concerning the conditions of confinement at the Faulkner County Jail during a time period from mid 2013 until March, 2014. In addition, although he names twelve individuals as Defendants, he does not include specific allegations against many of those individuals in his Statement of Claim. His allegations include: inadequate medical care and treatment, insufficient tuberculosis prevention, inadequate diet, racial discrimination, lost property, and other allegedly inadequate conditions of confinement.

Because many of Plaintiff's allegations are vague and conclusory, and unrelated to each other, the Court cannot at this point determine whether Plaintiff properly states a claim upon which

relief may be granted. The Court also finds that Plaintiff's Complaint fails to comply with FED.R.CIV.P 8(a)(2), because it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, Plaintiff is directed to file a short Amended Complaint which sets forth **one claim** against the named Defendants involved, which he wishes to pursue in this case. (His other claims should be set forth in separate lawsuits.) This Amended Complaint will render his Original Complaint without legal effect, and will take the place of those pleadings.[1] In the Amended Complaint, Plaintiff shall specifically and clearly state the following: **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed.** Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places. If Plaintiff fails to abide by the directions in this Order, his Complaint will be dismissed without prejudice for failure to state a claim. See Williams v. Harmon, et al., 2:07-cv-00114-JMM, aff'd 294 Fed.Appx. 243, 2008 WL 4331125 (No. 07-3800, 8th Cir., September 24, 2008.) See also McGraw v. Arkansas Department of Correction, et al., supra. Accordingly,

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

In accordance with the above instructions, Plaintiff shall file an Amended Complaint within thirty (30) days of the date of this Order. Failure to file an Amended Complaint or to abide by the Court's above instructions will result in dismissal of this action without prejudice. See Local Rule

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. V. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

5.5(c)(2).

    IT IS SO ORDERED this 7th day of May, 2014.

                                                                                    _____
                                                                                   JEROME T. KEARNEY
                                                                                   UNITED STATES MAGISTRATE JUDGE